Copeland *v.* Boaz.

## JAMES COPELAND *v.* THOMAS E. BOAZ.

MARRIED WOMEN. *Bills and notes. Public policy.* A note executed by a husband, living separate from his wife, to a trustee for her, as an inducement for her to return to him, is *undum pactum,* and contravenes public policy, and is not tolerable in law.

### FROM DYER.

Appeal from the Circuit Court.   S. W. COCHRAN, Judge, *pro tem.*

RICHARDSON & ANDREWS for complainant.

LATTA & MARSHALL for defendant.

TURNEY, J., delivered the opinion of the court.

The suit was instituted upon the following note: "On or before the 25th day of December next I promise to pay Thos. Boaz, trustee for my wife, five hundred dollars, for value rec'd.    This June 29, 1872.
                    "James Copeland."

Copeland *v.* Boaz.

It appears from the record, the plaintiff in error and his wife had separated, and the note sued on was executed to induce her to return.

The court struck out pleas setting up these facts and charged the jury the consideration was sufficient. In both of these rulings the circuit judge was in error. The relation of husband and wife was in nothing changed by the separation. All the obligations, moral and legal, still rested upon them. The parties could not and did not by the separation diminish or enlarge their respective rights and duties under the law regulating the relation of husband and wife.

The most that can be made of the undertaking here will not carry it above the grade of an executory contract. A promise by the husband to pay to the wife, or to another for the benefit of the wife, without more, is a *nudum pactum.* The undertaking contravenes public policy, is primitive of separation of husband and wife, and not tolerable in law.

Reverse the judgment.